# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| Abdullah Mallick Holmes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 0:11-cv-01325-JMC |
| | ) | |
| T.A. Van Doran, Detention Director; | ) | **ORDER AND OPINION** |
| Richard Darling, Operations Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Report and Recommendation [Doc. 60] filed by United States Magistrate Judge Paige J. Gossett on March 28, 2012. *Pro se* plaintiff Abdullah Mallick Holmes ("Plaintiff") filed this action pursuant to 42 U.S.C § 1983 alleging that Defendants T.A. Van Doran and Richard Darling (collectively, "Defendants") violated his constitutional rights by exhibiting "deliberate indifference" and failing to follow prison policy in dealing with altercations which occurred while he was a pre-trial detainee at the Dorchester County Detention Center. The Report recommended that the court grant Defendants' Motion for Summary Judgment [Doc. 39] and deny Plaintiff's Motion for Summary Judgment [Doc. 53]. The court accepts the Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing

*Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The court incorporates by reference the Magistrate Judge's statement of the facts. [Doc. 60, at 1-3].

After receiving the Magistrate Judge's Report and Recommendation on the pending motions, Plaintiff timely filed objections. [Doc. 62]. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, this court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern two specific objections to portions of the Magistrate Judge's Report and Recommendation.

Plaintiff specifically objects that the Magistrate Judge failed to properly consider Plaintiff's contention that his Complaint may be construed to seek damages for a due process violation in connection with his disciplinary conviction arising out of the November 13, 2010, incident because Plaintiff never received the appropriate forms to appeal it.

Viewing the facts in the light most favorable to Plaintiff, the record indicates that on November 13, 2010, Plaintiff was involved in an altercation where several inmates entered Plaintiff's cell, allegedly assaulting him. Plaintiff received a disciplinary conviction in connection with this incident. Subsequently, on November 15, 2010, and December 3, 2010, Plaintiff requested forms to appeal his disciplinary conviction in connection with the November 13th incident, however he allegedly never received them.

The Magistrate Judge found that Plaintiff is barred from recovering damages on his § 1983 civil rights claim arising from his alleged unconstitutional disciplinary conviction. In making this observation, the Magistrate Judge noted "that a Plaintiff cannot recover damages on a § 1983 civil rights claim for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477 (1994). Assuming that Plaintiff is correct in his assertions that he never received the proper forms to appeal his disciplinary conviction, which assertions are disputed by Defendants, Plaintiff has not presented any evidence that he ever sought relief from the conviction through a petition for a writ of habeas corpus. Therefore, this court finds that Plaintiff's allegations regarding Defendants' failure to provide him with proper appeal forms are not dispositive to the resolution of his § 1983 claim. Accordingly, the Magistrate Judge appropriately found that Plaintiff is precluded from recovering damages on his § 1983 civil rights claim for an allegedly unconstitutional disciplinary conviction because that conviction has not been reversed, expunged, or called into question by a writ of habeas corpus.

Plaintiff also objects that the Magistrate Judge erred in not fully addressing his claims for deliberate indifference. To hold a supervisor liable for a constitutional violation of a pre-trial detainee's Fourteenth Amendment rights, a plaintiff must show that the official obdurately and

wantonly failed to take precautions for the prisoner's safety in deliberate indifference to a specific risk of known harm. *See Matheny v. Fields*, No. 4:09-cv-644-RBH, 2010 WL 844600, at *6 (D.S.C. 2010) (citing *Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991)). Additionally, negligence is not actionable under § 1983, whether in the context of prisoner failure to protect cases under the Eighth Amendment or the Fourteenth Amendment. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)).

Plaintiff contends that, with respect to the July 13, 2010, incident, Defendants exhibited deliberate indifference by failing to protect him while he was housed in protective custody. Plaintiff asserts that, since he was housed in protective custody, he was afforded more protection than the average inmate. First, nothing in the record explicitly suggests these Defendants knew that Plaintiff was housed in protective custody, since the incident occurred during recreation time. Second, even if Defendants knew Plaintiff was under protective custody, Plaintiff still fails to show that Defendants were aware of any specific risk as required to exhibit deliberate indifference. Based on the evidence in this case, Plaintiff has neither shown that Defendants exhibited deliberate indifference nor that Defendants violated Plaintiff's due process rights.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report. Accordingly, the court **GRANTS** Defendants' Motion for Summary Judgment [Doc. 39] and **DENIES** Plaintiff's Motion for Summary Judgment [Doc. 53]. This action is hereby dismissed with prejudice.

**IT IS SO ORDERED**.

_J. Michelle Childs_
United States District Judge

June 5, 2012
Greenville, South Carolina